1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

RONALD WAYNE TAYLOR,

                                    Plaintiff,

        vs.

PAM AHLIN, Executive Director of
Coalinga State Hospital,

                                    Defendant.

CASE NO. 10-CV-1122-LAB (PCL)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

        Taylor filed a habeas petition on May 21, 2010 challenging his civil commitment to the California Department of Mental Health pursuant to the Sexually Violent Predator Act.  The petition was referred to Magistrate Judge Lewis for a report and recommendation.  Judge Lewis issued a thorough and well-reasoned R&R on August 12, 2011 recommending that Taylor's petition be denied in its entirety.  This Order **ADOPTS** that recommendation.

**I.      Legal Standards**

        This Court has jurisdiction to review the R&R pursuant to Rule 72 of the Federal Rules of Civil Procedure.  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).      The district judge "must review the magistrate judge's findings and recommendations de novo *if objection is made*,

//

1  but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en
2  banc).

3      Because Taylor is a prisoner and is proceeding pro se, the Court construes his
4  pleadings liberally and affords him the benefit of any doubt.  *See Karim-Panahi v. L.A. Police*
5  *Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  That said, "[p]ro se litigants must follow the same
6  rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.
7  1987).  That includes opposing Judge Lewis's R&R, which Taylor failed to do by the date
8  allowed (September 9, 2011) even though he was warned that "failure to file objections
9  with[in] the specified time may waive the right to raise those objections on appeal . . . ."
10 (R&R at 20.)

11 **II.    Discussion**

12     Taylor's petition asserts five claims, each of which Judge Lewis's R&R considers in
13 substantial detail and finds inadequate.  Taylor's failure to oppose the R&R lends gravity to
14 Judge Lewis's conclusions, which the Court has carefully reviewed and here affirms.  First,
15 the fact that the SVPA's commitment protocol was not formally adopted through the
16 Administrative Procedures Act is not a violation of federal due process entitling Taylor to
17 habeas relief.  The denial of this claim was neither contrary to, nor an unreasonable
18 application of, clearly established federal law.  Second, Taylor's ineffective assistance of
19 counsel claims (all five) fail to provide a basis for habeas relief under *Strickland v.*
20 *Washington*, 466 U.S. 668, 687 (1984), for the reasons Judge Lewis gives in his R&R.
21 Third, there is no clearly established federal law that bars the SVPA from placing the burden
22 on Taylor to show he is no longer a danger to society before his commitment may be
23 terminated.  In fact, as the R&R explains, to the extent there is clearly established federal
24 law on this issue, it cuts against Taylor's position.  *See, e.g.*, *Jones v. United States*, 463
25 U.S. 354, 356–57 (1983).  Taylor's fourth claim is that the SVPA violates the federal
26 guarantee of equal protection because it treats defendants like him differently from offenders
27 civilly committed under other statutory schemes.  The appellate court's denial of this claim
28 was objectively reasonable, and indeed, the Ninth Circuit has respected the distinction

1   California draws between mentally disordered offenders and SVPA detainees. *See Hubbart*

2   *v. Knapp*, 379 F.3d 773, 781–82 (9th Cir. 2004). Finally, Taylor's fifth claim—that the SVPA

3   violates ex post facto principles--- is without merit in light of *Seiling v. Young*, 531 U.S. 250

4   (2001) and *Kansas v. Hendricks*, 521 U.S. 346 (1997).

5   **III.      Conclusion**

6          The Court **ADOPTS** the R&R and **DENIES** Taylor's petition in its entirety.  Because

7   Taylor hasn't made a "substantial showing of the denial of a constitutional right," a certificate

8   of appealability is **DENIED**.  28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S.

9   322, 327 (2003) (articulating standard for issuance of a certificate of appealability).

10

11          **IT IS SO ORDERED**.

12   DATED:  November 28, 2011

13

14          **HONORABLE LARRY ALAN BURNS**
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28